UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 23-cr-239 (CKK) |
| | : | |
| ILYA LICHTENSTEIN, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**GOVERNMENT'S NOTICE AND MOTION FOR
<u>DELAYED RESTITUTION HEARING</u>**

The United States of America, by and though the United States Attorney for the District of Columbia, pursuant to 18 U.S.C. § 3664(d)(5), provides notice and moves the Court to defer final determination of any victim's losses and the restitution order in this case for a period of 90 days. The defendants do not oppose this motion.

## **<u>ARGUMENT</u>**

Pursuant to 18 U.S.C. § 3664(d)(4), "[i]f the victim's losses are not ascertainable by the date that is 10 days prior to sentencing, the attorney for the Government or the probation officer shall so inform the court, and the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing."

In this case, on or about October 24, 2024, while law enforcement was converting an estimated $20.7 million of seized tokens from a relatively obscure virtual currency token to a type that is accepted by the U.S. Marshals Service, an unknown attacker was able to access the funds and/or manipulate the transaction and thereby steal the tokens. Immediately following the theft, law enforcement traced the transactions on public virtual currency transaction ledgers, known as blockchains. A portion of the stolen funds were frozen by third-party providers in coordination with law enforcement. After the criminal actor was unable to liquidate the holdings, he or she

anonymously returned all of the stolen funds, except those that had been frozen by third-party providers. As of on or about October 25, 2024, the United States has been able to recover an estimated $19.3 million, with $1.2 million frozen by third-party providers. An additional 90 days would provide time for the government to complete the seizure of those frozen assets so that the funds are available for possible restitution and/or forfeiture proceedings in this case.

Furthermore, as the government has previously stated, *see* ECF No. 141 (Consent Motion for Order Authorizing Alternative Notification Procedures Out of an Abundance of Caution), at 4-6; ECF No. 143 (Gov't Sentencing Mem. as to Def. Morgan), at 20-21; ECF No. 146 (Gov't Sentencing Mem. as to Def. Lichtenstein), at 26-27, under the statutory definitions of "victim" in the Crime Victims' Rights Act (CVRA) and Mandatory Victim Restitution Act (MVRA), it does not believe Bitfinex or former accountholders of Bitfinex qualify as "victims" of the offenses for which the defendants have been convicted in this case. While Bitfinex and its accountholders were undoubtedly harmed by the 2016 hack of Bitfinex, that is not the offense conduct for which the defendants have been convicted, and the statutory language and applicable case law make clear that the CVRA and MVRA are offense-specific.

Out of an abundance of caution, however, the government moved for, and the Court granted, an order authorizing alternative notification procedures to apprise members of the public and given them an opportunity to advance potential claims for victim rights and/or restitution. *See* ECF No. 141; ECF No. 145 (Order Authorizing Alternative Notification Procedures). To date, the government has received multiple inquiries from persons describing harm from the 2016 hack of

Bitfinex, some of whom are represented by counsel.[1] The government anticipates that some of these persons may seek to assert status as "victims" entitled to restitution under the MVRA. The government also anticipates that the third-party ancillary forfeiture proceeding, which will commence following sentencing with direct and publication notice to any third parties who reasonably appear to be potential claimants pursuant to Fed. R. Crim. P. 32.2(b)(6), may prompt further responses relevant to both restitution and forfeiture. The 90-day delay would provide time for the Court to address such claims and ascertain whether there are any other persons who may be considered "victims" under the MVRA and fashion the restitution order accordingly.

---

[1] On a website providing information to the public regarding the case, as envisioned by the Court's Alternative Notification Order, the government instructed the public that any statements should be submitted by November 12, 2024. The government plans to submit a notice to the Court on November 13, 2024. That notice will include a bundled package of the statements submitted by persons claiming to have been harmed by the defendants' conduct.

**CONCLUSION**

For the foregoing reasons, the government requests that the Court defer final determination of any victim's losses and the restitution order in this case for 90 days, until on or before February 12, 2025.

<div style="margin-left:auto">

Respectfully submitted,
MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

BY:  /s/ *Christopher B. Brown*
Christopher B. Brown, D.C. Bar No. 1008763
Special Assistant United States Attorney
Jolie F. Zimmerman, D.C. Bar No. 465110
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, DC 20530
(202) 353-0018 (Brown)
(202) 252-7220 (Zimmerman)
Christopher.Brown8@usdoj.gov
Jolie.Zimmerman@usdoj.gov

/s/ *Jessica Peck*
Jessica Peck, N.Y. Bar Number 5188248
C. Alden Pelker, Maryland Bar
Trial Attorneys, U.S. Department of Justice
Computer Crime & Intellectual Property Section
1301 New York Ave., N.W., Suite 600
Washington, D.C. 20005
(202) 353-9455 (Peck)
(202) 616-5007 (Pelker)
Jessica.Peck@usdoj.gov
Catherine.Pelker@usdoj.gov

</div>