UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 23-cr-239 (CKK) |
| | : | |
| ILYA LICHTENSTEIN, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**GOVERNMENT'S SUPPLEMENTAL MOTION REGARDING RESTITUTION**

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully submits its Supplemental Restitution Memorandum. In sum, under the Mandatory Victim Restitution Act (MVRA), 18 U.S.C. § 3663A, there is no "victim" for the specific offenses of conviction in this proceeding. However, because the MVRA expands the Court's authority to order restitution to the extent it is agreed to by the parties, voluntary restitution is appropriate and authorized under the defendants' plea agreements. Such a voluntary restitution order should include the residue of the property that was stolen from Bitfinex in the 2016 hack (i.e., the 94,643.29837084 Bitcoin recovered by the government from the Bitfinex Hack Wallet, plus the Bitcoin Cash, Bitcoin Satoshi Vision, and Bitcoin Gold amounts generated from several hard forks). These assets represent "specific property lost" as a result of the hack, and as outlined in the defendants' plea agreements, those assets may be paid to Bitfinex as restitution in kind. All other assets seized by the government (which are listed in the Corrected Second Amended

1

Attachment A (ECF 195)) should be subject to the ongoing third-party ancillary forfeiture proceeding.[1]

### A. Mandatory Restitution Is Inapplicable Under the Facts of This Case

As discussed in the government's sentencing memoranda for defendant Ilya Lichtenstein (ECF 146) and defendant Heather Morgan (ECF 143), which are incorporated herein by reference, Bitfinex and its accountholders are not "victims" for purposes of the MVRA. The MVRA sets forth a mandatory restitution obligation that is specific to the offense or offenses of conviction. This limitation is apparent from the statutory text, which authorizes the Court to order restitution "when sentencing a defendant convicted of an offense [defined in 18 U.S.C. § 3663A(c)]" to "the victim *of the offense*"—that is, the victim of "the offense" for which the defendant was "convicted." 18 U.S.C. § 3663A(a)(1) (emphasis added). It is further confirmed by the definition of "victim" as "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered." 18 U.S.C. § 3663A(a)(2). Consequently, "[c]ourt decisions reviewing awards of restitution to 'victims' under the . . . MVRA have generally required a direct nexus between the offense of conviction and the loss being remedied." *United States v. Randle*, 324 F.3d 550, 556 (5th Cir. 2003).

Here, neither defendant was convicted of the underlying wire fraud representing the hack and theft of Bitcoin from Bitfinex. Instead, defendant Lichtenstein was convicted of Money Laundering Conspiracy, in violation of 18 U.S.C. § 1956(h), and defendant Morgan was convicted of Money Laundering Conspiracy, in violation of 18 U.S.C. § 371. These crimes occurred *after*

---

[1] The government is duty-bound to advise the Court on the most faithful application of the MVRA to the facts; thus, it must take the position that neither Bitfinex, nor its accountholders, are "victims" under the MVRA. However, the government has reviewed all submissions from self-identified impacted parties in this case and will continue to treat those affected by these events with compassion and fairness. Despite this position on MVRA "victim" status, as explained below, Bitfinex and/or other claimants may well have meritorious claims to remaining seized assets during the third-party ancillary forfeiture proceeding.

the hack of Bitfinex. Such subsequent laundering conduct did not "directly and proximately" cause Bitfinex's, or its accountholders', losses. 18 U.S.C. § 3663(a)(2). Thus, because the defendants were not convicted of any offense that directly caused harm to Bitfinex and/or its accountholders, they cannot be ordered to provide restitution under § 3663A(a)(1). *See generally United States v. Hensley*, 91 F.3d 274, 276 (1st Cir. 1996) ("Federal courts possess no inherent authority to order restitution, and may do so only as explicitly empowered by statute.").

However, the MVRA expands the Court's authority to order restitution to the extent it is agreed to by the parties in a plea agreement. *See* 18 U.S.C. § 3663A(a)(3) ("The court shall also order, if agreed to by the parties in a plea agreement, restitution to persons other than the victim of the offense."); *see Randle*, 324 F.3d at 556 (explaining that one of the situations in which the MVRA authorizes restitution is "if the parties so agreed in a plea agreement"). That is the case here, where the defendants agreed in their respective plea agreements that, apart from the determination of mandatory restitution, they would pay voluntary restitution to Bitfinex in an amount to be determined by the Court. ECF No. 96, at 10.

### B. A Voluntary Restitution Order Should Include All Funds Seized From the Bitfinex Hack Wallet

Where restitution is ordered pursuant to the parties' plea agreement, the Court has the discretion to issue an appropriate restitution order. *See United States v. Peterson*, 268 F.3d 533, 535 (7th Cir. 2001) (affirming restitution order issued pursuant to plea agreement in which amount was determined by the district court at sentencing, noting that the defendant "agreed to make restitution to all victims of his entire course of conduct, and agreed further that the district judge could make decisions that proved necessary to implement this choice").

At a minimum, the government believes such a restitution order should include the residue of the property that was stolen from Bitfinex in 2016. This is consistent with the provision in the

MVRA which provides that "in the case of an offense resulting in damage to or loss or destruction of property of a victim of the offense," the Court should order the defendant to "return the property to the owner of the property or someone designated by the owner." 18 U.S.C. § 3663A(b)(1)(A). What constitutes "the property" under this provision is construed narrowly. *See Robers v. United States*, 572 U.S. 639, 640-41 (2014) (defining "any part of the property" in adjacent provision of the MVRA as "refer[ring] only to the specific property lost by a victim").

Here, defendant Lichtenstein stole approximately 119,754 Bitcoin from Bitfinex. He initially transferred the 119,754 Bitcoin into the Bitfinex Hack Wallet. He subsequently withdrew and laundered, with assistance from defendant Morgan, approximately 25,000 Bitcoin from the Bitfinex Hack Wallet. When the government executed a seizure of the Bitfinex Hack Wallet on or about January 31, 2022, the wallet still contained approximately 94,643.29837084 Bitcoin from the hack, plus the Bitcoin Cash, Bitcoin Satoshi Vision, and Bitcoin Gold amounts generated from several hard forks between 2016 and 2022. These amounts represent "the specific property lost" as a result of the hack.

The other assets seized by the government, which are listed in the Corrected Second Amended Attachment A (ECF 195), represent property that the defendants laundered through a variety of complex and technologically sophisticated means, including laundering through extensive peel chain transactions, non-compliant virtual currency exchanges, darknet markets, and mixers and tumblers, as well as commingling in the defendants' business and personal accounts. Because of the complexity of the laundering transactions, these remaining assets cannot be characterized as "the specific property lost" by Bitfinex and/or its accountholders, *see Robers*, 572 U.S. at 640-41. As discussed below, these other assets should be the subject of the third-party ancillary forfeiture proceeding, which is ongoing.

### C. Potential Claimants Currently Have the Opportunity To Assert Claims Over Forfeited Properties During the Separate Third-Party Ancillary Proceeding

On December 17, 2024, the government began publishing "notice of the [forfeiture] order" and "sen[t] notice to any person who reasonably appear[ed] to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding." Fed. R. Crim. P. 32.2(b)(6)(A). As a result, third parties who intend to assert claims over the forfeited properties have the ability to do so in the third-party ancillary proceeding, pursuant to Fed. R. Crim. P. 32.2(c) and 21 U.S.C. § 853(n). The standard for a valid third-party claim is different from the definition of "victim" under the MVRA, as it has to do with the claimant's ownership interest in the property, *see* 21 U.S.C. § 853(n)(6)(A)-(B). Therefore, the government anticipates that one or more parties may be able to assert valid claims in the third-party ancillary proceeding regardless of whether they would be considered "victims" entitled to restitution under the MVRA. The government's position as to restitution is not intended to prejudge the merits of any potential third-party claims.

### CONCLUSION

For the foregoing reasons, there is no "victim" for the specific offenses of conviction in this proceeding. However, the Court has the authority to order voluntary restitution pursuant to the defendants' plea agreements. Such voluntary restitution should include all of the assets seized from the Bitfinex Hack Wallet and that, pursuant to the plea agreements, those assets should be returned to Bitfinex as in-kind restitution. All other seized assets listed in the Corrected Second Amended Attachment A (ECF 195) should be subject to the ongoing third-party ancillary forfeiture proceeding.

                Respectfully submitted,
                MATTHEW M. GRAVES
                UNITED STATES ATTORNEY
                D.C. Bar No. 481052

BY:   */s/ Christopher B. Brown*
       Christopher B. Brown, D.C. Bar No. 1008763
       Special Assistant United States Attorney
       Rick Blaylock, Jr., TX Bar No. 24103294
       Assistant United States Attorney
       U.S. Attorney's Office for the District of Columbia
       601 D Street, N.W.
       Washington, DC 20530
       (202) 353-0018 (Brown)
       (202) 252-6765 (Blaylock)

       */s/ Jessica Peck*
       Jessica Peck, N.Y. Bar Number 5188248
       C. Alden Pelker, Maryland Bar
       Trial Attorneys, U.S. Department of Justice
       Computer Crime & Intellectual Property Section
       1301 New York Ave., N.W., Suite 600
       Washington, D.C. 20005
       (202) 353-9455 (Peck)
       (202) 616-5007 (Pelker)