LEAVE TO FILE GRANTED

*Judge CKollar-Kotelly*
*Feb 5, 2025*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

ILYA LICHTENSTEIN and HEATHER
MORGAN, *et al., Def.*

LOUIS ZUIJDERWIJK,
FRANCISCO CAVAZOS, *Intervenor.*

PABLO GARCIA ILLESCAS,
IFINEX Inc AND BFXNA, Intr. Party

CRIMINAL NO. 23-cr-239 (CKK)

## PRO SE OBJECTION TO GOVERNMENT'S RESPONSE REGARDING FORFEITURE AND RESTITUTION (ECF 220)

COMES NOW Francisco Cavazos, a victim of the theft underlying this case, and respectfully submits his **formal objection** to the government's motion proposing the return of seized Bitcoin to Bitfinex as restitution while **unjustly excluding direct victims** from recovery. This objection is made pursuant to **18 U.S.C. § 3663A (MVRA), 18 U.S.C. § 3771 (CVRA), and all other applicable laws** governing restitution and forfeiture proceedings.

This petitioner's case was established December 4th 2025 in ECF 190, and further in ECF 200.

## I. INTRODUCTION

1. The government's proposal to return the entirety of the **Bitfinex Hack Wallet funds (94,643 BTC)** to Bitfinex as "voluntary" restitution is improper, as it ignores the **legitimate claims of direct victims**, including myself, who suffered **substantial financial losses in the 2016 hack**.

2. I demand the immediate return of **14.994 BTC**, which has been **seized without due process** for nearly **90 days**, with **no hearing** or substantive communication from the Court regarding my rightful ownership.

3. This delay **violates my rights** under the **Crime Victims' Rights Act (CVRA), 18 U.S.C. § 3771**, which ensures victims the right to **timely restitution** and proceedings free from unreasonable delay.

4. For nearly a year, I have attempted to engage with the government to resolve this matter, yet I have been met with **dismissive responses** instructing me to "wait until sentencing." This delay contradicts established precedent in **United States v. Hankins, 858 F.3d 1273 (9th Cir. 2017)**, which held that **prolonged restitution delays violate victims' rights** under the CVRA.

5. The government's position is **legally indefensible** as it ignores the fact that **Bitfinex has already engaged in alternative recovery efforts** via BFX and RRT tokens. These alternative mechanisms do **not extinguish my restitution rights** under federal law.

---

## II. LEGAL ARGUMENTS AGAINST GOVERNMENT'S PROPOSAL

### A. MVRA Requires Restitution to Direct Victims First

6. The **Mandatory Victims Restitution Act (MVRA), 18 U.S.C. § 3663A**, mandates that restitution be ordered **first and foremost for the benefit of direct victims** who suffered **actual financial losses**..

7. The Supreme Court in **Lagos v. United States, 138 S. Ct. 1684 (2018)**, reaffirmed that restitution **must cover the full extent of a victim's loss**, regardless of **alternative**

compensation sources. The government's attempt to sidestep this responsibility is **unlawful and unjust..**

8. Similarly, in the **United States v. Edwards, 162 F.3d 87 (3d Cir. 1998)**, the court ruled that restitution cannot be reduced based on the defendant's assertion that a victim has other potential recovery methods. The issuance of BFX and RRT tokens does not negate direct victims' right to actual restitution **(18 U.S.C. § 3664(f)(1)(B))**.

## B. Forfeited Assets Must Be Subject to Third-Party Claims

9. The government's plan to **bypass** third-party **ancillary forfeiture proceedings** violates **due process** and denies victims like me the opportunity to assert rightful claims over our stolen property.

10. **Case law supports my position:**

    a. In **United States v. Daugerdas, 892 F.3d 545 (2d Cir. 2018)**, the court ruled that **denying third-party claimants an opportunity to assert ownership over forfeited assets violates due process**.

    b. In **United States v. Rodriguez, 63 F.4th 108 (2d Cir. 2023)**, the judiciary **retained authority** to oversee and determine **rightful claims to forfeited assets**, rather than deferring **solely to executive discretion**.

11. Under **21 U.S.C. § 853(n)(6)**, a **petitioner with a superior legal interest** is entitled to reclaim their property. I have submitted substantial **documentary evidence** of my ownership of the **14.994 BTC**, including:

    a. Bitcoin Flow Analysis (Exhibit 1)

    b. Bitfinex Deposit History (Exhibit 2)

    c. Tax Compliance Documents (Exhibit 3)

    d. Victim Impact Statement (Exhibit 4)

12. The government **fails to justify** why it is **circumventing** the third-party claim process while **ignoring direct victims' losses**.

13. The government's assertion that only the Attorney General has authority over asset disposition is contradicted by judicial precedent. In ***United States v. Rodriguez*, 63 F.4th 108 (2d Cir. 2023)**, the court ruled that the judiciary retains authority to oversee and determine rightful claims to forfeited assets, rather than deferring solely to executive discretion. Similarly, ***United States v. Lazarenko*, 476 F.3d 642 (9th Cir. 2007)**, emphasized that third-party claimants have standing in forfeiture proceedings and that courts, not solely the Attorney General, play a role in adjudicating competing claims under **21 U.S.C. § 853(n)**. Given this precedent, the **14.994 BTC** should be subject to direct court adjudication, rather than left solely to the discretion of the Attorney General.

14. Further, The recent case *In re FTX Trading Ltd.*, No. 23-2297 (3d Cir. 2024), highlights the significant risks associated with inadequate oversight of restitution and asset recovery. In that case, the Third Circuit emphasized the necessity of appointing an independent examiner to investigate FTX's financial misconduct, particularly its failure to safeguard customer funds and its engagement in opaque financial maneuvers. See *In re FTX Trading Ltd.*, No. 23-2297, slip op. at [1-10] (3d Cir. 2024), available at https://www2.ca3.uscourts.gov/opinarch/232297p.pdf.

15. This precedent underscores the need for courts to scrutinize asset claims by corporations such as Bitfinex, particularly when they have issued financial instruments—such as BFX and RRT tokens—that may serve to deflect restitution obligations. Allowing Bitfinex to reclaim stolen assets without third-party adjudication would mirror the failures observed in the FTX case, where customer assets were mishandled in a non-transparent process, ultimately resulting in significant financial harm.

16. Accordingly, the Court must ensure that legitimate victims, such as the undersigned, receive restitution as a priority over corporate entities seeking to reclaim assets through non-transparent means. Failure to do so would not only contradict established legal

safeguards but also risk repeating the systemic failures identified in *In re FTX Trading Ltd.*.

---

1) Bitfinex has **already issued compensation** to customers through BFX and RRT tokens, yet it now seeks full restitution as if these funds were never recovered. In *United States v. Edwards*, 162 F.3d 87 (3d Cir. 1998), the court held that restitution cannot be reduced or denied based on a victim's ability to recover losses through alternative means. If this principle applies to individuals, it must apply equally to corporate entities, ensuring that Bitfinex does not improperly receive restitution exceeding its actual losses.

---

### C. Violation of the Crime Victims' Rights Act (CVRA) and Judicial Economy Issues

17. The government's failure to consult direct victims before proposing this restitution plan is a violation of the CVRA (18 U.S.C. § 3771), which guarantees victims the right to:

    - Be informed and heard at restitution proceedings (§ 3771(a)(4)).
    - Timely restitution (§ 3771(a)(6)).
    - Fair treatment and access to case proceedings (§ 3771(a)(8)).

18. The undersigned has been systematically excluded from key proceedings affecting restitution. This exclusion violates established legal precedent, as courts have consistently ruled that victims have the right to participate in proceedings affecting their claims. In *Kenna v. U.S. District Court*, 435 F.3d 1011 (9th Cir. 2006), the court held that victims have a statutory right to be heard before sentencing and restitution decisions are made. Additionally, in *In re Dean*, 527 F.3d 391 (5th Cir. 2008), the court reinforced that victims must be included in meaningful discussions before critical decisions that impact their restitution rights. By failing to provide the undersigned with due notice or participation, the government has deprived him of fundamental protections under the Crime Victims' Rights Act (CVRA). The failure to involve victims in the process is a clear violation of statutory protections designed to prevent exactly this kind of government overreach.

19. The Court is forcing the undersigned to argue against 15 opposing attorneys, all of whom have a vested financial interest in the seized funds but **no legal claim** to them. This violates the principles established in *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617 (1989), where the Supreme Court recognized that government actions impairing a defendant or third party's ability to retain counsel and mount an effective legal defense can violate due process. Similarly, in *Luis v. United States*, 578 U.S. 5 (2016), the Court held that depriving an individual of access to their own legally untainted funds while forcing them to fight overwhelming legal opposition can be unconstitutional.

20. The Bitfinex Hack Wallet was entirely controlled by multi-signature wallet holders, meaning Bitfinex itself did not have direct ownership of these funds. Returning funds to Bitfinex would contradict findings in other legal proceedings that have ruled Bitfinex violated multiple laws, including enforcement actions by the Commodity Futures Trading Commission (CFTC), such as *In re iFinex Inc., Bitfinex, and Tether Holdings Ltd.*, CFTC Docket No. 21-04 (2021), where Bitfinex was found to have engaged in illegal, off-exchange transactions and misrepresented reserves, further undermining its entitlement to the seized funds. Returning funds to Bitfinex would contradict findings in other legal proceedings that have ruled Bitfinex violated multiple laws.

---

1) The government's assertion that it has sole discretion over restitution allocation ignores judicial authority. Courts retain jurisdiction over victim restitution, as recognized in *United States v. Rodriguez*, 63 F.4th 108 (2d Cir. 2023), where the judiciary was held responsible for adjudicating rightful restitution claims, rather than deferring solely to the Attorney General."

---

## III. REQUESTED RELIEF

21. The Court should **immediately return** the 14.994 BTC to the undersigned, as continued delays violate the statutory mandates of the CVRA and MVRA.

22. The Court should **reject** the government's proposal to return all recovered funds to Bitfinex before adjudicating third-party claims.

23. The Court should **require** that all victims be given a fair opportunity to present their claims in the ancillary forfeiture proceeding as mandated by law.

24. The Court should **order** that victim restitution claims take precedence over Bitfinex's corporate claim, ensuring compliance with the MVRA and CVRA.

25. If the government continues to advocate for Bitfinex's restitution over direct victims, the Court should conduct an evidentiary hearing to examine the legitimacy of individual claims versus Bitfinex's entitlement.

---

1) Given the conflicting claims to restitution, I respectfully request an **evidentiary hearing** to determine whether Bitfinex's restitution claim is superior to direct victim claims. In *In re FTX Trading Ltd.*, No. 23-2297 (3d Cir. 2024), the court highlighted the risks associated with inadequate oversight of restitution claims and the necessity of independent judicial scrutiny. A hearing would ensure **equitable treatment of all victims** under *MVRA* and *CVRA and align with immediate restitution*.

---

## IV. CONCLUSION

26. The government's position disregards individual victims, prioritizes a corporate entity that already compensated itself through alternative means, and directly violates federal law governing restitution. Precedent supports that courts must protect victims' rights in forfeiture and restitution proceedings.

27. In *United States v. Rodriguez*, 63 F.4th 108 (2d Cir. 2023), the court ruled that the judiciary retains the authority to determine rightful claims to forfeited assets, ensuring fair adjudication rather than exclusive deference to the Attorney General. Likewise, *United States v. Lazarenko*, 476 F.3d 642 (9th Cir. 2007), held that third-party claimants have standing in forfeiture proceedings and must be given an opportunity to contest government actions. Additionally, *Kenna v. U.S. District Court*, 435 F.3d 1011 (9th Cir. 2006), reaffirmed that victims have the statutory right to be heard before final restitution decisions are made. The Court must consider these precedents to ensure justice and

compliance with federal law. The Court must reject this motion and uphold the rights of actual victims who have verifiable claims to the recovered funds.

**Respectfully submitted,**

Francisco Cavazos

Pro Se Victim-Movant

Denton, Texas

(817) 689-3183

Frankiecavazos@outlook.com

---

THE HONORABLE COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I, **Francisco Cavazos**, hereby certify that on this 31st day of January, 2025, a true and correct copy of the foregoing document was served upon the following individuals by the methods indicated below:

## CAHILL GORDON & REINDEL LLP

1. **Anirudh Bansal**
   32 Old Slip, New York, NY 10005
   Email: abansal@cahill.com

2. **Angela F. Collins**
   1990 K Street, N.W., Suite 950, Washington, DC 20006
   Email: acollins@cahill.com

3. **Jason Michael Ecker**
   32 Old Slip, New York, NY 10005
   Email: jecker@cahill.com

4. **Samson Enzer**
   32 Old Slip, New York, NY 10005
   Email: SEnzer@cahill.com

5. **Kiersten A. Fletcher**
   32 Old Slip, New York, NY 10005
   Email: kfletcher@cahill.com

6. **Connor O'Shea**
   32 Old Slip, New York, NY 10005
   Email: co'shea@cahill.com

## U.S. DEPARTMENT OF JUSTICE

1. **Rick E. Blaylock, Jr.**
   601 D Street, NW, Washington, DC 20004
   Email: rick.blaylock.jr@usdoj.gov

2. **Christopher Brodie Brown**
   DOJ-Nsd, 950 Pennsylvania Avenue NW, Ste 6744a, Washington, DC 20530
   Email: Christopher.Brown8@usdoj.gov

3. **Jessica Peck**
   1301 New York Ave NW, Suite 655, Washington, DC 20005
   Email: jessica.peck@usdoj.gov

4. **Catherine Pelker**
   950 Pennsylvania Ave NW, Washington, DC 20530
   Email: catherine.pelker@usdoj.gov

5. **Jolie Zimmerman**
   U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA
   555 Fourth Street, NW, Washington, DC 20530

Email: jolie.zimmerman@usdoj.gov

### Gibsone, Dunn & Crutcher LLP

1. **Stephanie Lauren Brooker**
   Email: sbrooker@gibsondunn.com

## METHOD OF SERVICE

The foregoing document was served via email and, where applicable, by hand delivery to the parties listed above.

Executed on 2/5/2025.


**Francisco Cavazos**
Intervenor, Pro Se
frankiecavazos@outlook.com

(817)-689-3183

*Francisco Cavazos*