UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LEAVE TO FILE GRANTED
Judge Colleen Kollar-Kotelly
3/11/25

To be filed as public redacted version of ECF 256-1

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ILYA LICHTENSTEIN, et al.,<br><br>Defendants. | Case No. 23-cr-239 (CKK) |

## ANCILLARY PETITION OF
## THIRD PARTY INTEREST IN PROPERTY PURSUANT TO 21 U.S.C. § 853(n)

A﹍ ▪ B﹍﹍au ("Petitioner"), hereby submits this ancillary petition pursuant to 21 U.S.C. § 853(n) and Federal Rule of Criminal Procedure 32.2(c), asserting a superior legal interest in specific property subject to forfeiture in this action.

## I. INTRODUCTION AND PRELIMINARY STATEMENT

1. On or about August 2, 2016, Defendants Ilya Lichtenstein and Heather Morgan hacked into the systems of cryptocurrency exchange (the "Hack"), stealing approximately $9 billion in digital assets from account holders.

2. Either as direct result of the Hack, and/or due to the cryptocurrency exchange's effort to "generalize" losses across account holders [Ex. D, pp. 4-5], 1896.43 ETH (Ethereum) and 1876.6 ETC (Ethereum Classic) (the "Lost Assets") [Ex. C, F, pp. 3, 7] were removed from my account [Ex. A, B, pp. 1, 2].

3. On February 1, 2022, the U.S. Government seized the cryptocurrency illegally obtained by Defendants.

4. I now seek return of my Lost Assets. Petitioner files this timely petition to assert his superior interest in the 1896.43 ETH and 1876.6 ETC, pursuant to his rights under the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771, and the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction over this ancillary proceeding pursuant to 21 U.S.C. § 853(n)(2) and 28 U.S.C. § 1331.

1

6. Venue is proper under 21 U.S.C. § 853(l) as the forfeiture proceedings are pending in this district.

7. This petition is timely filed within thirty (30) days of receiving notice of the forfeiture, as required by 21 U.S.C. § 853(n)(2). In connection with the Second Amended Preliminary Order of Forfeiture, on December 17, 2024, the U.S. Department of Justice issued a notice (the "DOJ Notice") directing any person intending to assert an interest in any of the properties subject to forfeiture to file an Ancillary Proceeding within 30 days of receipt of the DOJ Notice. I received the DOJ Notice on January 21, 2025 [Ex. I, pp. 103-107].

### III. STATEMENT OF FACTS

8. Beginning March 14, 2016, Petitioner was a customer Bitfinex, an online cryptocurrency platform headquartered in Hong Kong.

9. As a result of several bitcoin deposits [Ex. E, F, G, H, pp. 6, 87, 96-102] and subsequent trading on the exchange [Ex. F, pp. 7-96], Petitioner acquired the right to the Lost assets.

10. Immediately following the hack, Bitfinex decided unilaterally "that losses must be generalized across all accounts and assets." See Security Breach - Update 3 (Aug. 6, 2016), available at https://www.bitfinex.com/posts/129 (last accessed: Jan. 15, 2025). As result, all Bitfinex customers "experienced a generalized loss percentage of 36.067%." This resulted in a loss of 1898.43 ETH and 1876.6 ETC [Ex. C, F, pp. 3, 7] from the Petitioner's account.

11. Bitfinex issued compensation in the form of unregistered BFX tokens (a securities a-like solution), totaling 24649.539 [Ex. C, F, pp. 3, 7] to Petitioner's account.

12. Petitioner never relinquished the Lost Assets in exchange for money, shares, other tokens, or anything else.

13. Petitioner maintained detailed documentation of losses incurred for potential future claims related to the recovery of the Lost Assets.

14. The government achieved near-complete recovery of stolen cryptocurrency linked to the Bitfinex hack. The U.S. government forfeited a total of 5188.481 ETH and 125 ETC from Defendants.

15. **Proof of Ownership:** Petitioner has maintained documented records proving ownership of the Lost Assets, certificates of ownership of the initial deposit [Ex. E, F, G, pp. 6, 87, 96, 99], transfer statements to Bitfinex account from previous broker [Ex. G, p. 97], a full report of all transactions within the Bitfinex exchange, including records of "Extraordinary loss adj of..." [Ex. F, p. 7].

16. Here, despite the Department of Justice's position that, for the purposes of MVRA, there are no 'victims' of the offenses for which the defendants are convicted, defendant I. Lichtenstein has admitted, but was not convicted for, to being the hacker who infiltrated Bitfinex's systems and stole BTC from accountholders. A restitution of 'specific property lost' (Government's Supplemental Motion, January 14, 2025) to Bitfinex as in-kind restitution, favoring corporate restitution over individual compensation as suggested by the government, directly opposes victim rights established in the CVRA and MVRA, which emphasizes the importance of ensuring that victims, particularly individuals, receive full and timely compensation as well as receive timely notice of, and not be excluded from, any public court proceeding. Such restitution would mean that former accountholders bear the ultimate consequences in this case. While Bitfinex, which somehow allowed security breaches and made account holders pay for it, many of whom, such as myself, didn't even use the hacked bitcoin wallets, will be the sole beneficiary in this case. I also think it's unfair to potentially discriminate against victimized holders of other tokens against victimized bitcoin holders, since everyone paid for the Hack equally. I think many victimized holders of other tokens would be satisfied to receive restitution in bitcoins or any other forfeited tokens to their Bitfinex accounts.

17. In my opinion, restitution of the tokens to Bitfinex would only be fair if the exchange commits to distributing them to all victims who have "Extraordinary loss adj of..." [Ex. C, F, pp. 3, 7] entries in their ledger and reports back.

## IV. LEGAL ARGUMENT

### A. Statutory Rights Under CVRA

18. Under the Crime Victims' Rights Act (18 U.S.C. § 3771), Petitioner is entitled to:

a) Full restitution (§ 3771(a)(6));

b) The right to be heard (§ 3771(a)(4));

c) Proceedings free from delay (§ 3771(a)(7)); and

d) Fair treatment throughout the process (§ 3771(a)(8)).

B. Mandatory Restitution Under MVRA

19. The Mandatory Victims Restitution Act requires restitution to victims in the full amount of their loss.

20. The BFX tokens issued by Bitfinex do not negate Petitioner's restitution rights because:

a) The MVRA prohibits consideration of alternative compensation including token issuance when analysing restitution for victims (§ 3664(f)(1)(B)). Under 18 U.S.C. § 3664(f)(1)(B), federal law safeguards victims' rights to restitution, permitting victims to recover losses even when alternative compensation routes have been proposed;

b) BFX tokens were issued without victim consent;

c) The tokens were inadequate compensation under federal law and having been issued unilaterally;

d) Petitioner never relinquished the Lost Assets in exchange for money, shares, other tokens or anything else.

V. REQUEST FOR RELIEF

WHEREFORE, Petitioner respectfully requests that this Court:

21.    Recognize Petitioner's superior interest in the Lost Assets;

22.    Declare that the BFX tokens issued by Bitfinex do not constitute adequate compensation or substitution for the Lost Assets (18 U.S.C. § 3664(f)(1)(B));

23.    Ensures that fair restitution is prioritized among victims, like Petitioner, before considering claims from insurers or other entities (18 U.S.C. § 3664(j));

24.    Order the return of the Lost Assets to Petitioner to his current wallets in his Bitfinex account or otherwise;

25.    Grant such other relief as the Court deems just and proper.

*I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.*

**CERTIFICATE OF SERVICE**

I hereby certify that on 02/10/2025, I electronically filed the foregoing with the Clerk of Court, Emails: dcd_intake@dcd.uscourts.gov, dcd_cmecf_cr@dcd.uscourts.gov

**Rick Blaylock Jr.** Assistant United States Attorney, Email: rick.blaylock.jr@usdoj.gov

**Christopher B. Brown** Special Assistant United States Attorney, Email: Christopher.Brown8@usdoj.gov

**Jessica Peck** Trial Attorney, DOJ, Email: jessica.peck@usdoj.gov

Respectfully submitted,

Date 02/10/2025                              A    B