UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

ILYA LICHTENSTEIN, *et al.,*

Defendants.

Case No. 23-cr-00239 (CKK)

### REDACTED VERIFIED PETITION FOR DETERMINATION OF THIRD PARTY INTEREST IN PROPERTY PURSUANT TO 21 U.S.C. § 853(N)

Petitioners Company Doe and Tom Doe, in his individual capacity and as the director and sole shareholder of Company Doe ("Mr. Doe"), by their counsel Davis+Gilbert LLP, having offices at 1675 Broadway, New York, New York 10019, submit this redacted verified petition pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2(c) for an order determining their interest in property that is subject to forfeiture under the Second Amended Preliminary Order of Forfeiture, entered by this Court on November 14, 2024, ECF. No. 178 (the "Preliminary Forfeiture Order"), and hereby states as follows:

### PRELIMINARY STATEMENT

1. Company Doe is an investment vehicle solely owned by Mr. Doe.

2. On or about August 2, 2016, after hacking into the systems of a Chinese-based cryptocurrency exchange (the "Hack"), Defendants Ilya Lichtenstein and Heather Morgan stole 57.84809770 Bitcoin (the "Lost Assets") from Company Doe and Mr. Doe (collectively referred to herein as the "Petitioner").

3. Defendants accomplished this theft by directly transferring the Lost Assets from Petitioner's own Bitcoin wallets on a cryptocurrency exchange into Defendants' virtual wallet.

4. For years, the Lost Assets sat in Defendants' virtual wallet until the U.S.

4934-8115-8440

Government on or about February 1, 2022, seized the Lost Assets and other cryptocurrency illegally obtained by Defendants.

5. Petitioner now seeks return of its Lost Assets.

## PROCEDURAL HISTORY

6. On February 7, 2022, Defendants were charged by criminal complaint with violations of 18 U.S.C. § 1956(h) and 18 U.S.C. § 371. ECF. No 1. The complaint was superseded by a criminal information filed by the U.S. Government on July 20, 2023 (the "Information"). *See* ECF. No. 89.

7. On or about August 3, 2023, Defendants each pleaded guilty to one count of money laundering conspiracy in violation of 18 U.S.C. § 1956(h) and Defendant Morgan also pleaded guilty to one count of conspiracy to defraud the United States in violation of 18 U.S.C. § 371.

8. On August 3, 2023, the Court entered Consent Orders of Preliminary Forfeiture, *see* ECF. No. 99, 104, and, on October 25, 2024, Amended Preliminary Orders of Forfeiture as to each Defendant. *See* ECF. No. 153, 154.

9. On November 14, 2024, the Court entered the Second Amended Preliminary Order of Forfeiture, ECF No. 178 (the "Second Amended Preliminary Forfeiture Order"), pursuant to which, *inter alia*, Defendants forfeited to the U.S. Government their interest in certain property, including "specific properties now listed in Amended Attachment A." *Id.* at 2. The attachment, as amended and corrected, identifies in paragraph e. "approximately" 94,643.29837084 Bitcoin (the "Recovered Bitcoin") that were "seized from wallets recovered from Defendants' online storage account." *See* ECF. No. 198-1 at 1.

10. On February 14, 2025, this Court entered an order setting February 18, 2025, as the final deadline for any person intending to assert an interest in any of the properties subject to forfeiture to file an Ancillary Proceeding. *See* ECF. No. 250 at 2-3.

## RELEVANT FACTS

11. Petitioner is the owner of the Lost Assets, which can be directly traced from Petitioner's multi-signature Bitcoin wallets to the Defendants' Bitcoin wallet, the contents of which were seized by the U.S. Government.

12. Petitioner was a customer of Bitfinex, an online cryptocurrency platform headquartered in Hong Kong. To transact business on the platform, customers of Bitfinex were each provided with its own "multi-signature wallets" into which, *inter alia*, the customer could deposit its Bitcoin for purposes of buying, selling, trading and/or engaging in other financial transactions on the platform.

13. The Bitcoin in these multi-signature wallets belonged solely and exclusively to the respective customer. At the time of the Defendants' Hack, section 5.1 of Bitfinex's Terms of Service stated that "all bitcoins in your Multi-Signature Wallets belong to and are owned by you [the customer]." *See* Bitfinex, Terms of Service (June 9, 2016) (as preserved by Internet Archive); *Can Bitfinex Really Impose a $72 Million Theft on Its Customers?*, Fortune, (Aug. 15, 2016), https://fortune.com/2016/08/15/bitfinex-bitcoin-hack-hong-kong-customers-law/ (last accessed: January 15, 2025) (quoting Bitfinex's terms of service).

14. Bitfinex championed its use of individual customer-owned wallets in its marketing materials and to the U.S. Commodities Futures Trading Commission ("CFTC") during the CFTC's 2015-16 investigation into Bitfinex's practices. *See, e.g.*, Business Wire, *Bitfinex and BitGo Partner to Create World's First Real-Time Proof of Reserve Bitcoin Exchange*, (June 3, 2015),

*available at* https://www.businesswire.com/news/home/20150603005462/en/Bitfinexand-BitGo-Partner-to-Create-World%E2%80%99s-First-Real-Time-Proof-of-Reserve-Bitcoin-Exchange ("Bitfinex . . . for the first time ever offers complete segregation of all customer bitcoins"; quoting Bitfinex's statement that "[t]he era of commingling customer Bitcoin and all of the associated security exposures is over") (last accessed: January 15, 2025).

15. In its order imposing sanctions on Bitfinex on June 2, 2016—mere months before the Hack—the CFTC found that Bitfinex abandoned its prior approach of using an "omnibus settlement wallet" that was "owned and controlled by Bitfinex" and, instead, in 2015 and January 2016, made changes to its infrastructure such that "bitcoins purchased using both the Exchange Trading and Margin Trading features [on Bitfinex] were held in individually enumerated, multi-signature wallets" for each trader. Order Instituting Proceedings Pursuant to Sections 6(c) and 6(d) of the Commodity Exchange Act, as Amended, Making Findings and Imposing Remedial Sanctions, CFTC Docket No. 16-19, at 3 (June 2, 2016).

16. In other words, the Bitcoin held in a customer's segregated multi-signature wallet on the Bitfinex platform rightly belonged to the customer only.

A. **Ownership of the Lost Assets**

17. Prior to the Hack, Petitioner had Bitcoin in excess of the Lost Assets deposited into the segregated multi-signature wallets associated with its Bitfinex account (**[REDACTED]** and **[REDACTED]**) (together with all related "change" addresses (including, without limitation, **[REDACTED]**), collectively, "Petitioner's Wallets"), including "unspent transaction outputs" owned by Petitioner in the amount of 13.81502387 Bitcoin and 5.63748087 Bitcoin.

18. In August 2016, as part of the Hack, the Defendants transferred 57.84809770 Bitcoin—*i.e.*, the Lost Assets—from Petitioner's Wallets directly to Bitcoin wallet address

**[REDACTED]** (the "Specified Defendants' Bitcoin Address") (txid **[REDACTED]**), which was among the hundreds or thousands employed by the Defendants during the Hack.

19. Upon information and belief, the Lost Assets remained in the Specified Defendants' Bitcoin Address until the U.S. Government seized them. *See, e.g.*, Complaint ¶¶ 6, 7(a).

### B. The Recovered Bitcoin

20. The U.S. Government has now seized more than 94,643.29837084 Bitcoin from the Defendants. *See* Corrected and Amended Attachment A to the Second Amended Preliminary Forfeiture Order, at 1, 5-11. In connection with that seizure, on or about February 1, 2022, the U.S. Government transferred all of the contents of the Specified Defendants' Bitcoin Address, including upon information and belief the Lost Assets, to a virtual currency wallet controlled by the U.S. Government (**********************wczt; txid **********************5966).

21. The Lost Assets are thus part of the Recovered Bitcoin.

### RELIEF SOUGHT

22. As owner, Petitioner has right, title and interest in and to the Lost Assets, which is specific property that can be identified as having been taken from Petitioner's Wallets, transferred directly to the Specified Defendants' Bitcoin Address and then seized by the U.S. Government.

23. Petitioner's ownership interest in the Lost Assets existed prior to the acts which gave rise to Defendants' forfeiture and is superior to any right of the Defendants (and the U.S. Government) in the Lost Assets.

24. The U.S. Government has not returned to Petitioner the Lost Assets, which, as part of the Recovered Bitcoin, remain subject to forfeiture under the Second Amended Preliminary Forfeiture Order.

4934-8115-8440

25. Petitioner therefore seeks to assert its ownership interest in, and obtain prompt return of, the Lost Assets and all corresponding fork coins (e.g., Bitcoin Cash, Bitcoin Gold, Bitcoin SV, etc.) that were derived from the Lost Assets, an order declaring that Petitioner possesses the right, title and interest to such assets superior to the U.S. Government and any and all other petitioners, and awarding such other and/or further relief as the Court deems just and proper.

Dated: March 14, 2025

    GREENSTEIN DELORME & LUCHS, P.C.

    By: */s/James D. Sadowski*
    James D. Sadowski, DC Bar #446635
    801 17th Street, N.W., Suite 1000
    Washington, D.C. 20006
    Phone:  202.452.1400; Fax: 202-452-1410
    JDS@gdllaw.com
    *Local Counsel for Petitioner*

    DAVIS+GILBERT LLP
    Joseph Cioffi
    H. Seiji Newman
    Joel Melendez
    Adam Levy
    1675 Broadway
    New York, NY 10019
    212-468-4800
    jcioffi@dglaw.com
    hnewman@dglaw.com
    jmelendez@dglaw.com
    alevy@dglaw.com
    *Counsel for Petitioner*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 14, 2025, I filed the foregoing Redacted Verified Petition for Determination of Third Party Interest in Property Pursuant to 21 U.S.C. § 853(N) using ECF and all counsel of record should receive service of the redacted petition via a Notice of Electronic Filing. I am also sending a copy (by email) of the redacted petition to the persons listed below that may not be on the on ECF service list:

      Francisco Cavazos:  FrankieCavazos@outlook.com
      Louis (Maria Andrea) Zuijderwijk:  le.zuijderwijk@gmail.com
      Jonas Paasch:  jonas-paasch@proton.me
      Rafal Bielenia:  rafal@bielenia.pl
      Pablo Garcia Illescas:  Lmusa@dfllp.com

      /s/ James D. Sadowski
      James D. Sadowski

**<u>VERIFICATION</u>**

**[REDACTED; FILED UNDER SEAL]**

*[Verification - Ancillary Petition]*

4934-8115-8440