**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA

v.

ILYA LICHTENSTEIN, et al.,

*Defendants*.

\*\*\*\*\*\*\*\*\*\*\*\*\*

XYZ INC.

*Intervenor, Claimant, and Third-Party Petitioner.*

Case No. 23-cr-239 (CKK)

**UNDER SEAL**

**SEALED MOTION FOR LEAVE TO PROCEED BY PSEUDONYM AND FILE MOTION TO INTEVENE AND OBJECTION TO PROPOSED RESTITUTION ORDER AND VERIFIED ANCILLARY PETITION UNDER SEAL**

████████ ("Movant" or "XYZ Inc."), by and through undersigned counsel, hereby requests leave to proceed by pseudonym "XYZ Inc." and to file under seal: its attached Motion to Intervene and Objection to Proposed Restitution Order and the exhibits thereto (Exhibit A); and its attached Verified Petition for Hearing to Adjudicate its Third-Party Claim in Forfeited Property and the exhibits thereto (Exhibit B). Movant has a superior claim to certain of the assets that Defendants stole and laundered and is a victim of Defendants' crimes.

**MEMORANDUM**

Movant is a closely held corporation that was a victim of Defendants' crimes. Movant has publicly identifiable connections to individuals who could be targeted physically or electronically by criminals, if Movant's identity is disclosed. If directed by the Court, Movant will file this Motion and the attached Motion, Petition, and the exhibits thereto pseudonymously as "XYZ Inc."

with limited redactions to remove its name, account numbers, and the specific amounts of assets transferred or at issue. The information Movant seeks to seal is narrowly targeted to protect well-founded privacy and security concerns. There is good cause to allow such information to remain under seal.

The property that is subject of the Motion is Bitcoin ("BTC"), a digital currency stored in pseudonymous digital wallets on a public blockchain. Many courts have recognized the unique safety risks presented by publicly identifying individuals and associating them with such assets, particularly with large cryptocurrency holdings or transactions, including risks to associated individuals and their families of identity theft, electronic intrusion, and physical harm. There are numerous known instances of kidnapping and violent assault from those seeking to obtain digital assets by force, and cyber-attacks prompted by litigation disclosure. Protecting against these risks is particularly warranted here. Movant files this Motion as a result of being a victim of the 2016 hack of Bitfinex perpetrated by Defendants. To require those same hack victims to publish their identifying information on the public docket in order to recover their lost Bitcoin risks opening these victims to another round of criminals who might seek to re-victimize them in order to abscond with any recovery or other crypto assets these individuals may possess, either through fraud or through violence.

## ARGUMENT

There is a "presumption in favor of public access to judicial proceedings," but "that presumption may be outweighed by competing interests." *In re Los Angeles Times Commc'ns LLC*, 28 F.4th 292, 297 (D.C. Cir. 2022) (quoting *In re Leopold to Unseal Certain Elec. Surveillance Applications & Ords.*, 964 F.3d 1121, 1127 (D.C. Cir. 2020)). When a court is presented with a motion to seal, it should weigh: "(1) the need for public access to the documents

at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings." *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017).

Movant's Objection, Verified Petition, and the associated attachments contain detailed financial information, including account numbers and transaction amounts. That information, especially if available in combination with Movant's identity, would present a real risk of physical and/or financial harm to Movant and associated individuals. Courts in this District have recognized the right of parties to proceed pseudonymously where identification poses a risk of harm to the requesting party that outweighs the public interest in full disclosure. *See*, *e.g.*, *Doe v. Fed. Republic of Germany*, 680 F. Supp. 3d 1 (D.D.C. 2023), reconsideration denied, No. CV 23-1782 (JEB), 2023 WL 4744175 (D.D.C. July 21, 2023); *In re Sealed Case*, 931 F.3d 92 (D.C. Cir. 2019*)*; *Doe v. Lieberman*, No. 1:20-CV-02148, 2020 WL 13260569 (D.D.C. Aug. 5, 2020). Courts elsewhere have done so as well. *In re FTX Trading Ltd.*, No. 22-11068, ECF No. 1612 (Hr'g Tr.), at 157 (Bankr. D. Del. June 9, 2023) (redacting customer names because "there's all kinds of information about individuals that can be found with just a name" and that if they "have a name and they are an FTX customer, they can be targeted, and that is what we need to protect here"); *see also In re Clover Techs. Grp., LLC*, No. 19-12680, ECF No. 146 (Hr'g Tr.) at 24:21–25 (Bankr. D. Del. Jan. 22, 2020) (redacting names of cryptocurrency holders from public court filing because of "at best, a risk of identity theft and worse a risk of personal injury").

Maintaining petitioner's anonymity is also appropriate given the actual history of information associated with crypto transactions being filed in court, and subsequently being used

to target crypto holders and/or to steal funds.  *See, e.g.*, Nicolae Bochis, *Crypto Lender Celsius Exposed Financial Data*, CYBERGHOST (Jan. 23, 2024), https://www.cyberghostvpn.com/privacyhub/celsius-exposed-data/; Andy Greenberg, *Celsius Exchange Data Dump Is a Gift to Crypto Sleuths—and Thieves*, WIRED (Oct. 13, 2022), https://www.wired.com/story/celsius-user-data-dump-crypto-tracing-scammers/.  Movant has a considerable interest in protecting the privacy of its financial information and any associated information that might be further used to target or steal from it.

Similarly, Movant has a significant interest in avoiding the risk of physical harm to associated natural persons.  *See, e.g.*, Business Insider, *Kidnapped for Crypto: Criminals See Flashy Crypto Owners as Easy Targets, and it has Led to a Disturbing String of Violent Robberies* (Feb. 9, 2022), https://www.businessinsider.com/crypto-nft-owners-targeted-kidnaps-home-invasions-robberies-2022-2 (describing kidnapping of the wife of blockchain firm owner as ransom, one of more than 100 publicly reported physical attacks on crypto owners in recent years); *Federal Bureau of Investigation Public Service Announcement* (Feb. 8, 2022), https://www.waterisac.org/system/files/articles/ic3_psa_sim_swap_scheme.pdf (informing public of the "increasing use" of efforts by criminals "to steal money from fiat and virtual currency accounts" and recommending that individuals take precautions to protect against theft, including to "not advertise information about financial assets, including ownership or investment of cryptocurrency"); Federal Trade Commission, *What To Know About Cryptocurrency and Scams* (May 2022), https://consumer.ftc.gov/articles/what-know-about-cryptocurrency-and-scams (warning of blackmail scams involving "emails or U.S. mail sent to [an individual's] home" that threatens to make information public unless payment made in cryptocurrency).

Movant will, of course, provide counsel for the parties with copies of its sealed submissions. Additionally, at the Court's direction, Movant will publicly file copies of these pleadings that have been redacted to conceal the confidential financial information and accountholder identity described above.

Movant therefore requests leave to file under seal:

    1) Movant's Motion to Intervene and Objection to Proposed Restitution Order and the exhibits thereto (Exhibit A);

    2) Movant's Verified Petition for Hearing to Adjudicate Its Third-Party Claim Asserting Legal Interest in Forfeited Property and the exhibits thereto (Exhibit B).

## CONCLUSION

For the foregoing reasons, Movant requests leave to file under seal: (1) its Motion to Intervene and Objection to Proposed Restitution Order and the exhibits thereto (Exhibit A); and (2) Movant's Verified Petition for Hearing to Adjudicate Its Third-Party Claim Asserting Legal Interest in Forfeited Property and the exhibits thereto (Exhibit B).

Date: January 28, 2024                Respectfully submitted,

                                    /s/ Aitan D. Goelman
                                    Aitan D. Goelman (DC Bar 446636)
                                    Christopher R. MacColl (DC Bar 1049153)
                                    ZUCKERMAN SPAEDER LLP
                                    1800 M Street, NW, Suite 1000
                                    Washington, DC 20036
                                    Tel: (202) 778-1800
                                    AGoelman@zuckerman.com
                                    CMacColl@zuckerman.com

                                    *Attorneys for Intervenor, Claimant, and Third-Party Petitioner XYZ Inc.*

**CERTIFICATE OF SERVICE**

I, Christopher R. MacColl, hereby certify that the foregoing Motion and the Attached Exhibits, requested to be filed under seal, are being served upon counsel of record for the parties to the above-captioned action.

/s/ Christopher R. MacColl
Christopher R. MacColl