UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA,**

v.

**ILYA LICHTENSTEIN** and
**HEATHER MORGAN,** *et al., Def.*

*FRANCISCO CAVAZOS,*
*Intervenor.*

CRIMINAL NO. 23-cr-239 (CKK)

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS BITFINEX'S CLAIM (ECF 219)

(and in Further Support of ECF 309 and Victim/Intervenor Petitions)

I. INTRODUCTION

Even if Bitfinex could demonstrate legal or "practical" ownership over the seized Bitcoin, the Court must, as a matter of equity, recognize and impose a constructive trust in favor of the actual customer-victims, including Francisco Cavazos. Bitfinex's claim to the recovered assets is predicated on post-hack, self-serving actions—coercing customers to accept BFX, RRT, and LEO tokens in place of their property—while misrepresenting the true nature of the customer relationship. Bitfinex's own Terms of Service, public statements, and the CFTC Order make clear that beneficial ownership always remained with customers, who never knowingly or voluntarily relinquished those rights. As a result, equity bars Bitfinex from receiving a windfall and mandates distribution to true victims.

II. FACTUAL BACKGROUND

- Bitfinex operated as a custodian and agent of customer assets, not as the beneficial owner. Its Terms of Service and the CFTC settlement confirm: "All bitcoins in your Multi-Signature Wallets belong to and are owned by you." (Bitfinex *TOS* § 5)

- Following the 2016 hack, Bitfinex imposed losses on customers through a 36% haircut and issued BFX tokens, later replaced with RRT and LEO tokens, all without genuine consent or full disclosure.

- Customers never agreed to relinquish their beneficial ownership; all token issuances were explicitly stated as "without reduction of or other release or waiver of any claims you may have against the Bitfinex Group."

- The government, defendants, and even Bitfinex's filings acknowledge that the assets stolen were "funds belonging to customers of Bitfinex."

III. ARGUMENT

A. Equity Demands a Constructive Trust for the Benefit of Customer-Victims

   1. Constructive Trust—Legal Standard and Rationale

A constructive trust is imposed by courts "to prevent unjust enrichment and to ensure property is held for the benefit of its rightful owner, where legal title was obtained by fraud, duress, undue influence, or any wrongful act." (Restatement (Third) of Restitution and Unjust Enrichment § 55; Knell v. Knell, 999 F.2d 837, 840 (5th Cir. 1993)). The constructive trust doctrine is particularly apt where the "custodian or bailee of property wrongfully asserts ownership contrary to the rights of the true beneficial owner." (United States v. $4,224,958.57, 392 F.3d 1002, 1004-05 (9th Cir. 2004); In re MJK Clearing, Inc., 371 F.3d 860, 866 (8th Cir. 2004)). Courts have consistently applied this equitable remedy in cases involving misappropriated customer funds to restore assets to their rightful owners. (See United States v. Ramunno, 599 F.3d 1269, 1274 (11th Cir. 2010) (imposing constructive trust over fraudulently obtained funds to benefit victims)).

   2. Bitfinex's Conduct Warrants Equitable Intervention

Even if Bitfinex could show legal title—by virtue of controlling wallets or post-hack actions—its acquisition of practical control was tainted by coercion, misinformation, and breach of duty to its customers:

- Bitfinex unilaterally imposed haircuts and forced customers to accept BFX tokens as "compensation," but expressly disclaimed any waiver of claims, making these actions coercive and misleading.

- The issuance and manipulation of BFX, RRT, and LEO tokens, as outlined in forensic and legal analyses, show a pattern of unjust enrichment and failure to honor fiduciary duties.(XYZ, ECF 309)

- Customers, including the undersigned, never voluntarily or knowingly relinquished beneficial ownership of their assets, and any waiver bitfinex could claim would be tainted by wrongdoings outlined in other court investigations. (*see* generally CFTC Docket No. 16-19, CFTC release 8450-21)

Courts have rejected claims to legal title when such title is acquired through wrongful conduct or in violation of fiduciary duties. For example, in United States v. Andrews, 530 F.3d 1232, 1237 (10th Cir. 2008), the court upheld a constructive trust to protect victims' interests where a defendant misappropriated funds held in trust. Similarly, in In re Drexel Burnham Lambert Group, Inc., 142 B.R. 633, 638 (Bankr. S.D.N.Y. 1992), the court imposed a constructive

trust to prevent a custodian from retaining customer assets obtained through improper means, emphasizing the primacy of beneficial ownership.

    3. No Voluntary Relinquishment of Beneficial Ownership

The Terms of Service, BFX token agreements, and subsequent representations (see generally Bitfinex Petition) all confirm that customers retained rights to restitution and never released or waived claims, as Bitfinex has not identified any customer who signed or expressly relinquished such rights. Any legal title Bitfinex claims is subordinate to customers' beneficial interests, which equity will enforce through a constructive trust. This principle is reinforced by cases such as Goldberg v. New Jersey Lawyers' Fund for Client Protection, 932 F.2d 273, 280 (3d Cir. 1991) (imposing constructive trust to protect clients' beneficial interests in funds held by a fiduciary who acted contrary to their rights).

B. Constructive Trust Bars Windfall to Bitfinex and Protects the Integrity of Victim Restitution

To grant Bitfinex control or restitution for assets it never truly owned would create an unconscionable windfall. The equitable doctrine of constructive trust ensures that recovered property is held for those "directly and proximately harmed"—namely, the customers whose assets were stolen [XYZ, Doc 309]. This aligns with the statutory priority for victim restitution over other claims. See 18 U.S.C. § 3664(j).

Courts have emphasized that equitable remedies like constructive trusts are critical in restitution proceedings to prevent custodians from profiting at the expense of victims. For example, in United States v. Durham, 86 F.3d 70, 73 (5th Cir. 1996), the court imposed a constructive trust and expressly prioritized the claims of victims over those of the United States and other third parties in the distribution of forfeited assets. See id. at 73.

C. The Record Here Demands at Least Discovery and a Full Hearing

Because constructive trust is a fact-intensive and equitable doctrine, dismissal of customer-victim claims at this stage would be premature. The record amply supports further proceedings, but even on the current facts, dismissal of Bitfinex's claim is warranted, and customer-victims should be allowed to proceed..

IV. CONCLUSION

For all these reasons, even if Bitfinex could show legal or practical title to the recovered BTC, equity, public policy, and controlling law demand imposition of a constructive trust for the benefit of actual customer-victims. The Court should dismiss Bitfinex's claim, recognize the primacy of customer interests, and permit discovery and hearing on all constructive trust and restitution issues.

Respectfully submitted,

Francisco Cavazos Pro Se

Authorities Cited:

- Restatement (Third) of Restitution and Unjust Enrichment § 55
- Knell v. Knell, 999 F.2d 837 (5th Cir. 1993)
- United States v. $4,224,958.57, 392 F.3d 1002 (9th Cir. 2004)
- In re MJK Clearing, Inc., 371 F.3d 860 (8th Cir. 2004)
- United States v. Andrews, 530 F.3d 1232 (10th Cir. 2008)
- In re Drexel Burnham Lambert Group, Inc., 142 B.R. 633 (Bankr. S.D.N.Y. 1992)
- United States v. Ramunno, 599 F.3d 1269 (11th Cir. 2010)
- Goldberg v. New Jersey Lawyers' Fund for Client Protection, 932 F.2d 273 (3d Cir. 1991)
- United States v. Durham, 86 F.3d 70 (5th Cir. 1996)

**Respectfully submitted,**

Francisco Cavazos

Pro Se Victim-Movant

Denton, Texas

(817) 689-3183

Frankiecavazos@outlook.com

_____

THE HONORABLE COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

I, **Francisco Cavazos**, hereby certify that on this 27th day of February, 2025, a true and correct copy of the foregoing document was served upon the following individuals by the methods indicated below:

**CAHILL GORDON & REINDEL LLP**

1. **Anirudh Bansal**
   32 Old Slip, New York, NY 10005
   Email: aban**sal@cahill.com**

2. **Angela F. Collins**
   1990 K Street, N.W., Suite 950, Washington, DC 20006
   Email: acollins@cahill.com

3. **Jason Michael Ecker**
   32 Old Slip, New York, NY 10005
   Email: jecker@cahill.com

4. **Samson Enzer**
   32 Old Slip, New York, NY 10005
   Email: SEnzer@cahill.com

5. **Kiersten A. Fletcher**
   32 Old Slip, New York, NY 10005
   Email: kfletcher@cahill.com

6. **Connor O'Shea**
   32 Old Slip, New York, NY 10005
   Email: co'shea@cahill.com

**U.S. DEPARTMENT OF JUSTICE**

1. **Rick E. Blaylock, Jr.**

    601 D Street, NW, Washington, DC 20004

    Email: rick.blaylock.jr@usdoj.gov

2. **Christopher Brodie Brown**

    DOJ-Nsd, 950 Pennsylvania Avenue NW, Ste 6744a, Washington, DC 20530

    Email: Christopher.Brown8@usdoj.gov

3. **Jessica Peck**

    1301 New York Ave NW, Suite 655, Washington, DC 20005

    Email: jessica.peck@usdoj.gov

4. **Catherine Pelker**

    950 Pennsylvania Ave NW, Washington, DC 20530

    Email: catherine.pelker@usdoj.gov

5. **Jolie Zimmerman**

    U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA

    555 Fourth Street, NW, Washington, DC 20530

    Email: jolie.zimmerman@usdoj.gov

## Gibsone, Dunn & Crutcher LLP

1. **Stephanie Lauren Brooker**
   Email: sbrooker@gibsondunn.com

## METHOD OF SERVICE

The foregoing document was served via email and, where applicable, by hand delivery to the parties listed above.

Executed on 4/27/2025.

**Francisco Cavazos**

Intervenor, Pro Se

frankiecavazos@outlook.com

(817)-689-3183

*Francisco Cavazos*