1

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA,**

**v.**

**ILYA LICHTENSTEIN and
HEATHER MORGAN,** *et al., Def.*

**CRIMINAL NO. 23-cr-239 (CKK)**

***FRANCISCO CAVAZOS,***
*Intervenor.*

## NOTICE OF READINESS FOR ANCILLARY HEARING

### (BY PETITIONER FRANCISCO CAVAZOS)

Pursuant to 21 U.S.C. § 853(n)(4), Petitioner Francisco Cavazos hereby provides notice to the Court that his ancillary petition (ECF 200) is ready for hearing. The statutory requirement under § 853(n)(4) to conduct a hearing "not later than thirty days after the date the petition is filed," unless continued for good cause, has already been exceeded, and Petitioner respectfully urges the Court to now schedule a hearing and proceed toward adjudication.

**1. Full Evidentiary Record Submitted.**

Petitioner has provided all evidence necessary to adjudicate his superior ownership interest in 14.994 Bitcoin (BTC) under 21 U.S.C. § 853(n)(6)(A), which requires only that a claimant establish their legal interest by a preponderance of the evidence—that is, showing that it is more likely than not that the property belongs to the Petitioner and not to the defendant or a competing third party.

The evidentiary record includes:

- A Coinbase tax document (Exhibit 3) establishing legal acquisition and ownership of the BTC through a regulated U.S. platform;

- A Bitfinex deposit and withdrawal history (Exhibit 2), confirming a 20.9 BTC deposit on June 13, 2016, followed by the loss of 14.994 BTC in the August 2, 2016, hack;

- The official post-hack Bitfinex account data (Exhibit 6), widely recognized and originally shared by Bitfinex staff, showing the precise transaction outputs, affected wallets, and amounts—including Petitioner's;

- Blockchain tracing and government seizure logs, demonstrating that the stolen funds remained dormant and traceable, and were ultimately recovered by the FBI as part of the 94,643 BTC seizure.

Petitioner's legal interest in the stolen BTC existed prior to and independent of the criminal conduct of the defendants, or any third party, and has been clearly documented in the record. Bitfinex has not articulated any factual or legal disputes, and no additional information is required to resolve the claim under the applicable burden of proof.

## 2. No Material Dispute Requiring Discovery.

The record includes Bitfinex's Terms of Service (both before and after the hack), which demonstrate customers beneficial ownership of deposited assets. Petitioner has also submitted evidence of:

- Bitfinex's failure to conduct or disclose any public findings of an audit following the 2016 hack, despite repeated promises to do so;

- Bitfinex's retention of Ledger Labs, an independent firm, to audit its internal controls following the breach, the findings of which revealed serious security lapses—but the resulting report was concealed and never published;

- Bitfinex issued BFX tokens to customers without requiring an upfront waiver of legal claims, and  weeks later introduced Terms of BFX tokens that attempted to retroactively impose conditions—after many customers had already sold or redeemed their tokens.;

- Bitfinex's lack of standing to contest Petitioner's specific wallet or claim.

Because Bitfinex has never disclosed any audit findings nor produced a public or verified internal accounting, or any signatures from former customers giving up their claim rights, it is clear that no additional reliable evidence exists that would be produced through discovery. As reported by the Organized Crime and Corruption Reporting Project (OCCRP), "Bitfinex hired Canadian blockchain forensic firm Ledger Labs to conduct a post-hack audit, but the resulting report was kept secret and never shared with customers or the public" (OCCRP, 2024). Accordingly, there is no useful discovery Bitfinex can provide that is not already contradicted or resolved in the record.

## 3. Bitfinex's Motion to Dismiss Does Not Challenge Petitioner's Claim.

The motion to dismiss filed by Bitfinex (ECF 219) does not specifically refute or target the individual claim of Petitioner Francisco Cavazos. Petitioner's verified third-party claim under 21 U.S.C. § 853(n) was filed in ECF 190

and further supported in the ancillary petition (ECF 200). These filings clearly trace the origin, loss, and recovery of 14.994 Bitcoin (BTC) directly tied to Petitioner's Coinbase wallet and deposit history at Bitfinex, well-documented through exhibits 1–6. Petitioner has shown continuous ownership and identifiable tracing of the stolen digital assets, consistent with § 853(n)(6)(A), which grants relief to a third party who:

> "...has a legal right, title, or interest in the property...that was vested in the petitioner rather than the defendant...at the time of the commission of the acts which gave rise to the forfeiture."

Bitfinex has not rebutted or addressed any of this evidence. The motion to dismiss (ECF 219) addresses general legal theories about ownership and restitution but does not specifically challenge Petitioner's wallet, transactions, exhibits, or legal standing. Accordingly, under the structure of Rule 32.2 and § 853(n), Bitfinex is not entitled to participate in or delay an ancillary proceeding that it has neither substantively opposed nor shown a legal interest in with respect to Petitioner's specifically identified property.

Moreover, the Court has made clear—both procedurally and through precedent—that third-party petitioners must identify specific property subject to forfeiture and demonstrate a legal interest in that property. Bitfinex, by contrast, has submitted a generalized claim seeking restitution for unspecified losses allegedly tied to the 2016 hack but has not identified any ownership of specific Bitcoin address, transaction ID, or a specific traceable amount that is subject to forfeiture and claimed by them. This broad approach falls short of the standard required under 21 U.S.C. § 853(n)(3), which mandates that third-party petitions "set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the interest, and any additional facts supporting the petitioner's claim."

In sum, Petitioner respectfully submits that Bitfinex's lack of factual rebuttal, procedural standing, and legal interest in the specific forfeited funds at issue precludes their participation in any ancillary hearing held pursuant to § 853(n). The hearing should focus solely on adjudicating Petitioner's verified claim, which remains unrebutted in law or fact.

**4. Public Interest in Timely Adjudication.**

 This case involves not only a significant financial crime, but also widespread public scrutiny of cryptocurrency custody practices, government seizure protocols, and investor protection. The public interest in timely adjudication is especially heightened because:

- The Petitioner's funds were traceable and never moved post-hack until government seizure;

- The government itself acknowledged in its filing (ECF 202) that non-MVRA victims may still assert valid claims under 21 U.S.C. § 853(n);

- Victims of the largest digital asset seizure in U.S. history have been excluded from plea hearings and the restitution processes,despite clear ownership trails;

Prompt resolution will help preserve judicial resources, reinforce public confidence in forfeiture oversight, and ensure victims are not unjustly deprived of their rights based solely on procedural delay and misrepresentations by Bitfinex.

**Conclusion.**

Petitioner respectfully requests that the Court schedule an ancillary hearing on his claim by **June 15, 2025**, or grant appropriate relief under Rule 32.2(c)(1)(B) based on the uncontested factual record. Such timely action aligns with the statutory mandate under 21 U.S.C. § 853(n)(4), serves the public interest, and upholds the rights guaranteed by the Crime Victims' Rights Act, 18 U.S.C. § 3771.

Respectfully submitted,

**Francisco Cavazos**
Pro Se Petitioner
Frankiecavazos@outlook.com
Denton, Texas
(817) 689-3183

_____

THE HONORABLE COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

I, **Francisco Cavazos**, hereby certify that a true and correct copy of the foregoing document was served upon the following individuals by the methods indicated below:

**CAHILL GORDON & REINDEL LLP**

1. **Anirudh Bansal**
   32 Old Slip, New York, NY 10005
   Email: aban**sal@cahill.com**
2. **Angela F. Collins**
   1990 K Street, N.W., Suite 950, Washington, DC 20006
   Email: acollins@cahill.com
3. **Jason Michael Ecker**

     32 Old Slip, New York, NY 10005

     Email: jecker@cahill.com

4. **Samson Enzer**

     32 Old Slip, New York, NY 10005

     Email: SEnzer@cahill.com

5. **Kiersten A. Fletcher**

     32 Old Slip, New York, NY 10005

     Email: kfletcher@cahill.com

6. **Connor O'Shea**

     32 Old Slip, New York, NY 10005

     Email: co'shea@cahill.com

**U.S. DEPARTMENT OF JUSTICE**

1. **Rick E. Blaylock, Jr.**

     601 D Street, NW, Washington, DC 20004

     Email: rick.blaylock.jr@usdoj.gov

2. **Christopher Brodie Brown**

     DOJ-Nsd, 950 Pennsylvania Avenue NW, Ste 6744a, Washington, DC 20530

     Email: Christopher.Brown8@usdoj.gov

3. **Jessica Peck**

     1301 New York Ave NW, Suite 655, Washington, DC 20005

     Email: jessica.peck@usdoj.gov

4. **Catherine Pelker**

     950 Pennsylvania Ave NW, Washington, DC 20530

     Email: catherine.pelker@usdoj.gov

5. **Jolie Zimmerman**

     U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA

     555 Fourth Street, NW, Washington, DC 20530

     Email: jolie.zimmerman@usdoj.gov

**Gibsone, Dunn & Crutcher LLP**

1. **Stephanie Lauren Brooker**
     Email: sbrooker@gibsondunn.com

**METHOD OF SERVICE**

The foregoing document was served via email and, where applicable, by hand delivery to the parties listed above.

Executed on 4/27/2025.

*Francisco Cavazos*